UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CARLOS BUSTAMANTE,
                Plaintiff,

                              Case Number: 07 CV 6226(CM) ECF CASE

v.                              **COMPLAINT**

MICHAEL CHERTOFF, Secretary,
US Department of Homeland Security;
Dr. EMILIO T. GONZALEZ, Director,
US Citizenship and Immigration Services;
ANDREA QUARANTILLO, District Director,
New York District, USCIS; and,
MARK J. MERSHON, Assistant Director-in-Charge,
Federal Bureau of Investigations.
                Defendants.

---

## INTRODUCTION

1. This is an immigration-related action seeking a hearing on Plaintiff's application for naturalization as a citizen of the United States or in the alternative, an Order remanding this matter back to the Defendants with a specific instruction to approve Plaintiff's naturalization application. Plaintiff applied for naturalization in New York in October 16, 2006, and was interviewed in connection with this application on February 1, 2007 Despite repeated requests, Defendants have not issued a decision on Plaintiff's application.

## JURISDICTION

2. Jurisdiction is conferred on this Court by 8 U.S.C. § 1447(b) and 28 U.S.C. § 2201.

## VENUE

3. Venue in the Southern District of New York is proper, in that Plaintiff resides in this District, Defendants maintain their principal place of business in this District and a substantial part of the activities complained of occurred in this District.

## PARTIES

4. Plaintiff Carlos Bustamante, alien registration number A 34-043-189, is a citizen of

      Mexico who has been living as a permanent resident in the US since on or about November 1972, when he was ten years old.

5. Defendant Michael Chertoff is the Secretary of the US Department of Homeland Security (D.H.S.) and is responsible for administration and enforcement of the immigration laws and regulations of the United States, including naturalization applications, and is responsible for the acts and omissions complained of herein.

6. Defendant Dr. Emilio T. Gonzalez is the Director of the US Citizenship and Immigration Services (USCIS), an agency of the United States government within the D.H.S. responsible for administration and enforcement of the immigration laws and regulations of the United States, including naturalization applications, and is responsible for the acts and omissions complained of herein.

7. Defendant Andrea Quarantillo is the District Director of the New York District of the USCIS, a District within USCIS responsible for administration and enforcement of the immigration laws and regulations of the United States within New York State, including naturalization applications, and is responsible for the acts and omissions complained of herein.

8. Defendant Mark J. Mershon is the Assistant Director-in-Charge of the New York Field Office of the Federal Bureau of Investigations, the agency responsible for performing and completing the background and security checks required before an application for naturalization can be adjudicated.

## ALLEGATIONS

**A.** **Statutory and Regulatory framework for Naturalization Applications.**

    i. <u>Nationality applications and good moral character.</u>

9. Pursuant to the Immigration and Nationality Act ("The Act"), an applicant for naturalization is required to prove, inter alia, "good moral character" during the five year period immediately preceding the filing of the application ("the statutory period"), 8 U.S.C. § 1427(a)(3). The Act further provides that in determining whether or not a

naturalization applicant has established good moral character for naturalization purposes, the Attorney General[1] shall not be limited to the applicant's conduct during the five years preceding the filing of the application but may take into consideration as a basis for such determination the applicant's conduct and acts at any time prior to that period. 8 U.S.C. § 1427(e).

10. The nationality regulations contained at 8 C.F.R. § 316.10 ("the regulations") provide additional specific, guidelines for determining good moral character in naturalization applications. Specifically, the regulations provide that the government may take into account a naturalization applicant's conduct prior to the five-year statutory period in determining good moral character, <u>only</u> if the conduct of the applicant during the five-year statutory period does not reflect that there has been reform of character from an earlier period, *or* if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character, 8 C.F.R. § 316.10(a)(2).

11. The regulations further provide that a naturalization applicant *shall* be found to lack good moral character if the applicant has been convicted of murder at any time or has been convicted of an aggravated felony after November 29, 1990, *or* if the applicant has committed any one of a number of enumerated offenses during the statutory period, 8 C.F.R. § 316.10(b). Under prevailing case law, the government may not base a finding, that a naturalization applicant lacks good moral character, solely on acts which occurred outside the statutory period, with the exception of the aforementioned offenses.

    ii. <u>The time within which naturalization petitions must be decided.</u>

12. The INA and federal regulations also provide specific time frames within which a naturalization application must be decided. Specifically, the naturalization regulations provide that a decision must be made to grant or deny the naturalization application within 120 days of the initial interview, 8 C.F.R. § 335.3(a), § 336.1(a). The INA also provides that if there is a failure to make a determination within 120 days of that initial

---

[1] Now the Department of Homeland Security, see 8 U.S.C. § 1103(a)(1).

interview, the applicant may apply to the U.S. District Court for a hearing on the matter, 8 U.S.C. § 1447(b); such court has jurisdiction over the matter and may either determine the matter or remand the matter to the agency with appropriate instructions, id.

**B.    Plaintiff's Background and Naturalization Application.**

13. Plaintiff is a native and citizen of Mexico, date of birth 03/20/1962, who became a permanent resident in the U.S. on November 5, 1972 in California, when he was ten years old.  On December 6, 1981, Plaintiff, who was 19 years old at the time, was arrested in San Diego, California, and charged with various criminal offenses, including assault with a deadly weapon;  use of a dangerous or deadly weapon; murder, at the Superior Court of the State of California, San Diego County, Case Number CR57895.  A copy of the Superior Court complaint is annexed hereto as Exhibit A.  On July 29, 1982, Plaintiff pleaded guilty to Involuntary Manslaughter, a violation of Section 192.2, of the California Penal Code.  A copy of the plea agreement is annexed hereto as Exhibit B.

14. On November 8, 1982, Plaintiff was sentenced to a two-year term in prison, with a recommendation that prison time be served in a minimum security facility, and with a credit of 121 days time served.  A copy of the sentencing order is annexed hereto as Exhibit C.  Plaintiff was released on parole on September 1983.  He successfully completed his parole, and has not been arrested inside or outside the United States since that time.  He has been employed as a Fire Safety Inspector by SimplexCrinnell since January 1990, over 17 years.

15. Plaintiff filed an application for naturalization as a US citizen on October 16, 2006 , in New York, pursuant to 8 U.S.C. § 1401 *et seq.* and the nationality regulations at 8 C.F.R. § 301.1 *et seq.*, on the basis that he had been a lawful permanent resident of the United States for more than five years and was otherwise eligible for naturalization.  A copy of the naturalization application is annexed hereto as Exhibit D.

16. On February 1, 2007, Plaintiff was interviewed in connection to his naturalization application at the USCIS office at 26 Federal Plaza, Room 7-700, New York, New York

by Naturalization Officer Klein. At the interview, Plaintiff explained in detail the circumstances surrounding his 1981 criminal case, and provided a certified copy of the certificate of conviction.

17. Defendants has failed to render a decision on Plaintiff's naturalization application within the 120-day statutory time provided on 8 U.S.C. § 1447 after the naturalization interview date.

18. Plaintiff is a person of good moral character within the meaning of 8 U.S.C. § 1427, and is otherwise eligible for naturalization. He has not been arrested or charged with any offense during the statutory period. Under prevailing law, Plaintiff's naturalization application cannot be denied solely on account of the 1982 criminal conviction. He is therefore statutorily entitled to be naturalized.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner requests that this Court

(1) Accept jurisdiction and maintain continuing jurisdiction of this action; and

(2) Conduct a hearing on Plaintiff's naturalization application; and

(3) Grant the application or remand the matter back to Defendants with an instruction to grant the application; and

(4) Direct Defendant Mershon to complete all required background and security checks within thirty days of the naturalization application being granted; and

(5) Grant attorney fees and costs of this suit under the Equal Access to Justice Act 28 U.S.C. § 2412, and such other applicable attorney fee provisions; and

(6) And such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 5, 2007

*[signature]*

Paul O'Dwyer
Attorney for Plaintiff
134 West 26th Street, Suite 902
New York, New York 10009-1601
(646) 230-7444