MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    ROBERT WILLIAM YALEN
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Tel:  (212) 637-2722
Fax: (212) 637-2687

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CARLOS BUSTAMANTE,                          :
                                            :
                        Plaintiff,          :        ECF Case
                                            :
            v.                              :        07 Civ. 6226 (CM)
                                            :
MICHAEL CHERTOFF, *et al.*,                 :        **ANSWER**
                                            :
                        Defendants.         :
----------------------------------------------------------x

Defendants Michael Chertoff, Secretary, U.S. Department of Homeland Security, Dr.

Emilo T. Gonzalez, Director, U.S. Citizenship and Immigration Services ("USCIS"), Andrea

Quarantillo, District Director, New York District, USCIS, and Mark J. Mershon, Assistant

Director-in-Charge, Federal Bureau of Investigation ("FBI"), (collectively "defendants"), by and

through their attorney, Michael J. Garcia, United States Attorney for the Southern District of

New York, answer the complaint of plaintiff Carlos Bustamante ("plaintiff") on information and

belief as follows:

<u>ANSWER</u>

1.       Defendants state that the first sentence of paragraph 1 of the complaint sets forth

conclusions of law and plaintiff's characterization of his action, to which no response is required.

Defendants deny the allegations of the second sentence of paragraph 1 of the complaint, except

admit that plaintiff's N-400 application for naturalization was received by USCIS on October 16,

2006, and that plaintiff had a preliminary interview before a USCIS officer on February 1, 2007.

Defendants deny the allegations of the third sentence of paragraph 1 of the complaint and aver

that on August 24, 2007, USCIS denied plaintiff's application for naturalization.

2.    Defendants state that paragraph 2 of the complaint sets forth conclusions of law,

to which no response is required, and aver, as described below, that this case is moot and,

accordingly, the Court lacks subject-matter jurisdiction.

3.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 3 of the complaint insofar as those allegations purport to

state plaintiff's place of residence, and state that the remainder of paragraph 3 of the complaint

sets forth conclusions of law, to which no response is required.

4.    Defendants admit the allegations of paragraph 4 of the complaint.

5.    Defendants deny the allegations of paragraph 5 of the complaint, except admit

that defendant Michael Chertoff is Secretary of the U.S. Department of Homeland Security, one

component of which is USCIS, which administers immigration and naturalization adjudication

functions and establishes immigration services policies and priorities.

6.    Defendants deny the allegations of paragraph 6 of the complaint, except admit

that defendant Dr. Emilio T. Gonzales is Director of USCIS, which administers immigration and

naturalization adjudication functions and establishes immigration services policies and priorities.

7.    Defendants deny the allegations of paragraph 7 of the complaint, except admit

that defendant Andrea Quarantillo is District Director of the New York District of USCIS, which

administers immigration and naturalization adjudication functions and establishes immigration services policies and priorities.

8.    Defendants deny the allegations of paragraph 8 of the complaint, except admit that defendant Mark J. Mershon is Assistant Director in Charge of the New York Field Office of the FBI and admit that the FBI conducts background and security checks concerning applicants for naturalization.

9.    Defendants state that paragraph 9 of the complaint sets forth conclusions of law, to which no response is required, and respectfully refer the Court to the cited statutory provisions for their content.

10.    Defendants state that paragraph 10 of the complaint sets forth conclusions of law, to which no response is required, and respectfully refer the Court to the cited regulations for their content.

11.    Defendants state that paragraph 11 of the complaint sets forth conclusions of law, to which no response is required, and respectfully refer the Court to the cited regulation for its content.

12.    Defendants state that paragraph 12 of the complaint sets forth conclusions of law, to which no response is required, and respectfully refer the Court to the cited regulations and statutory provision for its content.

13.    Defendants admit the allegations of the first sentence of paragraph 13 of the complaint.  Defendants admit the allegations of the second sentence of paragraph 13 of the complaint, except deny plaintiff's description of the charges and respectfully refer the Court to the Information and criminal complaints from *People v. Bustamonte* for a complete and accurate

description of the crimes with which plaintiff was charged.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation of the third sentence of paragraph 13 of the complaint, and respectfully refer the Court to Exhibit A for its content. Defendants admit the allegations of the fourth sentence of paragraph 13 of the complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation of the fifth sentence of paragraph 13 of the complaint, and respectfully refer the Court to Exhibit B for its content.

14.     Defendants admit the first sentence of paragraph 14 of the complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation of the second sentence of paragraph 14 of the complaint, and respectfully refer the Court to Exhibit C for its content.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.

15.     Defendants admit that plaintiff filed an application for naturalization on October 16, 2006; deny that plaintiff's application for naturalization was filed in New York; aver that plaintiff's application for naturalization was filed in St. Albans, Vermont; respectfully refer the Court to the document attached as Exhibit D to the complaint for its content; and state that to the extent that paragraph 15 sets forth conclusions of law, no response is required.

16.     Defendants admit that on February 1, 2007, plaintiff had a preliminary interview relating to his naturalization application at the USCIS offices at 26 Federal Plaza, New York, NY, with Officer Klein, and otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 16.

17.    Defendants state that paragraph 17 of the complaint sets forth conclusions of law as to which no response is required, and avers that plaintiff's application for naturalization was denied on August 24, 2007.

18.    Defendants state that the first sentence of paragraph 18 of the complaint sets forth conclusions of law as to which no response is required, and aver that plaintiff's application for naturalization was denied because he fails to satisfy the good moral character requirement for naturalization.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 18 of the complaint.  Defendants state that the remainder of paragraph 18 sets forth conclusions of law as to which no response is required.

19.    The allegations of the paragraphs of the complaint following the word "WHEREFORE" set forth plaintiff's prayers for relief, to which no response is required.  To the extent that a response is required, defendants deny that plaintiff is entitled to such relief.

<u>DEFENSES</u>

FIRST DEFENSE

Because plaintiff's application for naturalization has been adjudicated, this action brought pursuant to 8 U.S.C. § 1447(b) is moot.

SECOND DEFENSE

The Court lacks jurisdiction to review USCIS's denial of plaintiff's application for naturalization.

THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies available concerning USCIS's denial of plaintiff's application for naturalization.

FOURTH DEFENSE

Plaintiff has failed to state a claim on which relief could be granted.

WHEREFORE, defendants demand judgment dismissing the complaint and granting such

further relief as the Court deems proper, including costs and disbursements.

Dated:          September 4, 2007
                New York, New York

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Defendants*

                            By:         /s/ Robert William Yalen
                                        ROBERT WILLIAM YALEN
                                        Assistant United States Attorney
                                        New York, New York 10007
                                        Tel.: (212) 637-2722
                                        Fax: (212) 637-2687

TO:     Paul O'Dwyer
        134 West 26th St., Suite 902
        New York, NY 10009
        *Attorney for Plaintiff*