UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

CARLOS BUSTAMANTE,

                Plaintiff,

                v.

MICHAEL CHERTOFF, *et al.*,

                Defendants.

-------------------------------------------------------------------x

:   ECF Case

:   No. 07 Civ. 6226 (CM)

## MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York  10007
Telephone: (212) 637-2722
Facsimile:  (212) 637-2687

ROBERT WILLIAM YALEN
Assistant United States Attorney
        – Of Counsel –

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF THE CASE ................................................................... 2

    The Allegations of the Complaint .................................................... 2

    USCIS's Denial of the Naturalization Application ............................ 3

ARGUMENT ............................................................................................... 4

    I.    The Statutory Framework .................................................... 4

    II.   Bustamante's Claims Are Moot Because USCIS
         Has Adjudicated Bustamante's Application ......................... 6

    III.  USCIS Had Jurisdiction to Deny Bustamante's Application ................ 8

    IV.  In the Alternative, the Court Should Remand the Case to USCIS
         for Entry of Its Decision Denying the Naturalization Application ..................... 11

CONCLUSION ............................................................................................ 12

## TABLE OF AUTHORITIES

**CASES**

Al-Farisi v. Mueller,
492 F. Supp. 2d 335 (S.D.N.Y. 2007) ............................................................. 6

Alhamedi v. Gonzales,
No. 07 Civ. 2541 (JGK), 2007 WL 1573935 (S.D.N.Y. May 30, 2007) .......................... 9

Al-Saleh v. Gonzales,
No. 2:06-CV-604 TC, 2007 WL 990145 (D. Utah Mar. 29, 2007) .................................. 8

Baez-Fernandez v. INS,
385 F. Supp. 2d 292 (S.D.N.Y. 2005) ......................................................... 5, 7

Borromeo Escaler v. USCIS,
No. 03 Civ. 8418 (BSJ), 2007 WL 1975485 (S.D.N.Y. July 6, 2007) ..................... 4, 5, 9

Brock v. Pierce County,
476 U.S. 253, 106 S. Ct. 1834 (1986) .......................................................... 9

Catanzano v. Wing,
277 F.3d 99 (2d Cir. 2001) .................................................................... 7

Chan v. Gantner,
464 F.3d 289 (2d Cir. 2006) .................................................................. 10

Correspondent Services Corp. v. First Equities Corp.,
442 F.3d 767 (2d Cir. 2006) ................................................................... 6

Etape v. Chertoff,
__ F.3d __, 2007 WL 2200286 (4th Cir. 2007) ................................................. 8

Farah v. Gonzales,
No. Civ. 05-1944 (DWF) (AJB), 2006 WL 1116526 (D. Minn. Apr. 26, 2006) .............. 8

General Motors Corp. v. United States,
496 U.S. 530, 110 S. Ct. 2528 (1990) ......................................................... 9

Gizzo v. INS,
No. 02 Civ. 4879 (CM), — F. Supp. 2d —,
2007 WL 2042568 (S.D.N.Y. July 12, 2007) .................................................... 9

Granite State Outdoor Advertising, Inc. v. Town of Orange,
    303 F.3d 450 (2d Cir. 2002) ........................................................ 4

Langer v. McElroy,
    No. 00 Civ. 2741 (RWS), 2002 WL 31789757 (S.D.N.Y. Dec. 13, 2002) ...................... 5

Li v. INS,
    No. 00 Civ. 7868 (CBM), 2003 WL 102813 (S.D.N.Y. Jan. 10, 2003) ...................... 4, 5

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) ........................................................ 8

Mostovoi v. Sec'y of Dep't of Homeland Sec.,
    No. 06 Civ. 6388 (GEL), 2007 WL 1610209 (S.D.N.Y. June 4, 2007) ...................... 11

Murphy v. Hunt,
    455 U.S. 478, 102 S. Ct. 1181 (1982) ........................................................ 6

Okoloji v. Chertoff,
    No. 3:07 cv 24 (WWE), 2007 WL 1851216 (D. Conn. June 25, 2007) ...................... 9

Perry v. Gonzales,
    472 F. Supp. 2d 623 (D.N.J. 2007) ........................................................ 8, 10

Phifer v. City of New York,
    289 F.3d 49 (2d Cir. 2002) ........................................................ 4

Powell v. McCormack,
    395 U.S. 486, 89 S. Ct. 1944 (1969) ........................................................ 6

United States v. Boccanfuso,
    882 F.2d 666 (2d Cir. 1989) ........................................................ 9

United States v. Hovsepian,
    359 F.3d 1144 (9th Cir. 2004) ........................................................ 8

Van Wie v. Pataki,
    267 F.3d 109 (2d Cir. 2001) ........................................................ 4

Zaranska v. U.S. Dep't of Homeland Sec.,
    400 F. Supp. 2d 500 (E.D.N.Y. 2005) ........................................................ 9

**STATUTES:**

8 U.S.C. § 1421(b) ............................................................................................... 5

8 U.S.C. § 1421(c) ................................................................................. 5, 7, 10, 12

8 U.S.C. § 1447(a) ................................................................................. 5, 7, 10, 12

8 U.S.C. § 1447(b) ..................................................................................... passim

28 U.S.C. § 2201 ................................................................................................. 6

**RULES:**

Fed. R.  Civ. P. 12(h)(3) ..................................................................................... 4

iv

Defendants Michael Chertoff, Secretary, U.S. Department of Homeland Security; Dr. Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services ("USCIS"); Andrea Quarantillo, District Director, New York District, USCIS; and, Mark J. Mershon, Assistant Director-in-Charge, Federal Bureau of Investigation  (collectively, the "Government") respectfully submit this memorandum in support of their motion to dismiss the July 5, 2007 complaint of plaintiff Carlos Bustamante ("Bustamante") as moot.

<u>PRELIMINARY STATEMENT</u>

On July 5, 2007, Bustamante commenced this action pursuant to 8 U.S.C. § 1447(b) to seek redress for USCIS's alleged delay in adjudicating Bustamante's application for naturalization.  On August 24, 2007, USCIS provided Bustamante with complete relief for this alleged failure to decide the application, by issuing a decision.  Contrary to Bustamante's contention, USCIS had jurisdiction to decide his application despite the pendency of this litigation.  Accordingly, Bustamante's action is moot.

Although Bustamante is displeased that USCIS's decision was to deny his application on the basis of a 1981 manslaughter conviction, this lawsuit does not provide Bustamante with a forum for review of the agency's decision.  Applicants seeking to challenge the substance of USCIS's naturalization decisions must first exhaust administrative remedies by appealing the decision administratively.  Because Bustamante has not done so, this Court lacks jurisdiction to review USCIS's decision.

<u>STATEMENT OF THE CASE</u>

*The Allegations of the Complaint*

Bustamante seeks relief pursuant to 8 U.S.C. § 1447(b) on account of USCIS's alleged failure, as of July 5, 2007, to adjudicate Bustamante's application for naturalization. Complaint ("Compl.") ¶¶ 1-2. Bustamante alleges that he is a citizen of Mexico and a permanent resident of the United States, *id.* at 4, and that he applied for naturalization on October 16, 2006, *id.* ¶ 15. According to Bustamante, he was interviewed by USCIS on February 1, 2007, *id.* ¶ 16, but USCIS had not, as of the date of the complaint, adjudicated his application, *id.* ¶ 1. Accordingly, Bustamante seeks relief from this Court pursuant to 8 U.S.C. § 1447(b), which provides a right to seek relief in federal court where USCIS has "fail[ed] to make a [naturalization] determination . . . before the end of the 120-day period after the date on which the [naturalization] examination is conducted." 8 U.S.C. § 1447(b).

In his complaint, Bustamante admits that in 1981, subsequent to becoming a permanent resident, he was arrested and charged with "various criminal offenses, including assault with a deadly weapon; use of a dangerous or deadly weapon; [and] murder." *Id.* ¶ 13. These charges were resolved by a plea of guilty to a charge of involuntary manslaughter, resulting in a two-year incarceration. *Id.* ¶¶ 13-14. Bustamante claims, erroneously, that notwithstanding this manslaughter conviction he is "statutorily entitled to be naturalized." *Id.* ¶ 18. Thus, Bustamante requested that this Court conduct a hearing on his naturalization application and either grant the application or remand the matter to USCIS with instructions that USCIS grant the application. *Id.* at 5 (Second and Third Requests for Relief).

*USCIS's Denial of the Naturalization Application*

On August 24, 2007, USCIS denied Bustamante's application for naturalization. *Id.* ¶ 4 & Ex. A. In its decision, USCIS explained the requirement that an applicant for naturalization demonstrate good moral character. *Id.* Ex. A, at 2. USCIS concluded that Bustamante had not met his burden of demonstrating that he had good moral character:

> The Service record shows that you were arrested on 12/06/1981 in San Diego, California and charged with Murder and Assault with a Deadly Weapon. On 11/08/1982, you plead guilty to PC192.2 - Involuntary Manslaughter, a Felony. You were sentenced to two years in prison. Despite the fact that your arrest occurred outside the statutory period [*i.e.*, the five year period throughout which an applicant must show he or she had good moral character], due to the seriousness of the crime, the Service cannot ignore your conduct, which shows a complete disregard for the law.

*Id.* Ex. A, at 3. USCIS explained that acts and conduct that occurred at any time in the past may nonetheless be relevant to its assessment of an applicant's *current* moral character. *Id.* Ex. A, at 2. Accordingly, USCIS denied the application. *Id.* Ex. A, at 3.

USCIS advised Bustamante had the right to appeal this decision administratively by filing a request for a hearing within thirty days of the denial. *Id.* Ex. A, at 1. Bustamante has not filed such an appeal. *Id.* ¶ 5.

<u>ARGUMENT</u>

Bustamante's complaint should be dismissed for lack of subject-matter jurisdiction because it no longer presents a live case or controversy within the jurisdiction of the Court.  *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) ("The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies."); *Granite State Outdoor Advertising, Inc. v. Town of Orange*, 303 F.3d 450, 451 (2d Cir. 2002) ("[M]ootness divests a federal court of jurisdiction to adjudicate the merits of a claim."); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  As mootness is a jurisdictional issue, the Court is not limited to the consideration of the allegations of the complaint.  *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) ("Because the defendants' challenge is to subject matter jurisdiction, we may consider materials extrinsic to the complaint.").

I.    <u>The Statutory Framework</u>

Although prior to 1990 the judiciary had principal responsibility for deciding petitions for naturalization, "[i]n 1990, Congress removed naturalization from the courts and vested the Attorney General with 'sole authority to naturalize persons as citizens of the United States.'" *Borromeo Escaler v. USCIS*, No. 03 Civ. 8418 (BSJ), 2007 WL 1975485, at *3 (S.D.N.Y. July 6, 2007) (quoting 8 U.S.C. § 1421(a) and citing Pub. L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29, 1990)); *see also Li v. INS*, No. 00 Civ. 7868 (CBM), 2003 WL 102813, at *3 (S.D.N.Y. Jan. 10, 2003) (same).  Under the current administrative naturalization process, an applicant submits an application for naturalization to USCIS, which then (in conjunction with the FBI) investigates the applicant's background, tests the applicant's English language skills

-4-

and knowledge of American history and government, and adjudicates the application.  *See Li*, 2002 WL 102813, at \*3.  If a naturalization application is granted by USCIS, either the agency or the state or federal courts may administer the oath of citizenship to the applicant.  *See* 8 U.S.C. § 1421(b).

In keeping with the general rule that "[j]udicial review in immigration matters is narrowly circumscribed," *Langer v. McElroy*, No. 00 Civ. 2741 (RWS), 2002 WL 31789757, at \*2 (S.D.N.Y. Dec. 13, 2002), and consistent with the 1990 amendments' transfer of naturalization authority from the courts to the Attorney General, *see Borromeo Escaler*, 2007 WL 1975485, at \*3, the Immigration and Nationality Act ("INA") provides only a limited role for judicial intervention in the naturalization process:

> The INA specifies only two points in the naturalization process at which a district court may intervene: first, when the INS has denied a naturalization application and that denial has been affirmed on administrative appeal, INA § 310(c); 8 U.S.C. § 1421(c), or second, where an applicant for naturalization has been examined by the INS and more than 120 days have elapsed without decision.  INA § 336(b); 8 U.S.C. § 1447(b).

*Baez-Fernandez v. INS*, 385 F. Supp. 2d 292, 294 (S.D.N.Y. 2005).  In the case of the denial of an application, the statute requires that the applicant seek administrative review of the denial before filing suit.  *See* 8 U.S.C. § 1447(a).  Only if the applicant receives an unfavorable decision on this administrative appeal may he or she seek judicial review.  *See id.* § 1421(c).  When the case does reach district court, however, the statute provides that the court's review will be "de novo," that "the court shall make its own findings of fact and conclusions of law," and that "[the court] shall, at the request of the petitioner, conduct a hearing de novo on the application."  *Id.* § 1421(c).

In the case of applications that are not promptly decided by USCIS, § 1447(b) serves to prevent those applications from lingering indefinitely.  Section 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

*Id.* § 1447(b).  Although § 1447(b) authorizes the judiciary to decide the naturalization application in question, more frequently a district court will exercise its discretion to issue an order requiring USCIS to adjudicate the pending application promptly.  *See Al-Farisi v. Mueller*, 492 F. Supp. 2d 335, 338 (S.D.N.Y. 2007) (noting that most courts have followed the "wise course" of ordering the agency to decide the application) (citing cases).  Bustamante's action is brought pursuant to this provision.  Compl. ¶¶ 2, 17.[1]

II.    Bustamante's Claims Are Moot Because USCIS
       Has Adjudicated Bustamante's Application

Bustamante's claims are moot because USCIS has adjudicated his naturalization application.  Indeed, Bustamante's principal allegation, that "[d]espite repeated requests, Defendants have not issued a decision on Plaintiff's application," Compl. ¶ 1, is no longer true.  USCIS has remedied its alleged prior failure to decide the application, which Bustamante claims triggered the 120-day provision of § 1447, and no continuing harm exists.  *See Powell v. McCormack*, 395 U.S. 486, 496-97, 89 S. Ct. 1944, 1951 (1969) ("Stated simply, a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable

---

[1]    Although Bustamante also alleges jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Compl. ¶ 2, that statute does not provide a basis for jurisdiction. *Correspondent Services Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2d Cir. 2006) (holding that independent basis of jurisdiction is required for declaratory judgment).

interest in the outcome."); *see also Murphy v. Hunt*, 455 U.S. 478,  481, 102 S. Ct. 1181, 1183 (1982) (same).  Bustamante's claims under § 1447(b) thus "no longer present an actual dispute between [the] parties."  *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001).  Because no live controversy exists, "the federal court is divested of jurisdiction over" this case.  *Id.* at 107.

To the extent that any dispute remains between the parties, it is not a case or controversy within the jurisdictional grant of § 1447(b).  Bustamante presumably disagrees with USCIS's decision that, in light of his former manslaughter conviction, he had failed to demonstrate good moral character.  This disagreement, however, relates to the substance of the agency's denial and not to any delay in the issuance of that denial.  As described above, the courts do not have jurisdiction to review USCIS's denial of a naturalization application unless the applicant has first exhausted administrative remedies.  *See* 8 U.S.C. § 1421(c) ("A person whose application for naturalization under this subchapter is denied, *after a hearing before an immigration officer under section 1447(a) of this Title*, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5."  (emphasis added)); *id.* § 1447(a) ("If . . . an application for naturalization is denied, the applicant may request a hearing before an immigration officer."); *Baez-Fernandez*, 385 F. Supp. 2d at 294 ("The Court lacks jurisdiction to review Baez-Fernandez's first naturalization application because he did not exhaust his administrative remedies by requesting a hearing before an immigration officer as provided in 8 U.S.C. § 1447(a).").  Bustamante has not exhausted administrative remedies, *see* Yalen Decl. ¶ 5, and, accordingly, the Court does not have jurisdiction to review the agency's decision.[2]

---

[2]    Additionally, an independent ground exists for dismissal of the portion of the complaint purporting to state claims against defendant Mark J. Mershon of the FBI.  Bustamante's only

III.    USCIS Had Jurisdiction to Deny Bustamante's Application

The Court should reject the suggestion, to which counsel for Bustamante alluded at the initial pretrial conference, that Bustamante can circumvent the bar of mootness by claiming that USCIS lacked authority to deny the naturalization application.  This argument is based on the decision in *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004), which concluded that USCIS loses jurisdiction over naturalization applications upon the commencement of a § 1447(b) action.  *See id.* at 1159; *see also, e.g.*, *Etape v. Chertoff*, __ F.3d __, 2007 WL 2200286, at *2-*6 (4th Cir. 2007) (following *Hovsepian*, over dissenting opinion).  Although the Second Circuit has not yet considered the validity of the *Hovsepian* analysis, the court should follow those cases that reject *Hovsepian*'s analysis as inconsistent with the statutory scheme and, indeed, contrary to the purpose of Congress's 1990 amendments to the Immigration and Nationality Act, which removed general authority over naturalization from the courts and sought to minimize delays in naturalization.  *See Perry v. Gonzales*, 472 F. Supp. 2d 623, 627-30 (D.N.J. 2007) (analyzing the issue in detail and rejecting *Hovsepian*'s approach); *see also Al-Saleh v. Gonzales*, No. 2:06-CV-604 TC, 2007 WL 990145, at *2 (D. Utah Mar. 29, 2007) (following *Perry*); *Farah v. Gonzales*, No. Civ. 05-1944 (DWF) (AJB), 2006 WL 1116526, at *2

_____

claim for relief against Mershon is premised on the assumption that the FBI had not completed its background investigation of Bustamante.  *See* Compl. at 5 (Fourth Request for Relief).  In fact, this background investigation had been completed on October 27, 2006, prior to Bustamante's commencement of this action.  *See* Yalen Decl. ¶ 3.  As any alleged initial failure of the FBI to complete the background investigation had long been redressed by the investigation's completion, when Bustamante filed his complaint no further remedy vis-a-vis the FBI remained to be provided by the Court.  Thus, Bustamante thus lacked standing to bring his claim against Mershon.  *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (no standing unless plaintiff suffers an injury, caused by the defendant, that "will be redressed by a favorable decision").

-8-

(D. Minn. Apr. 26, 2006) (finding § 1447(b) action moot when USCIS acted to deny

naturalization application).[3]

    The Second Circuit has emphasized that "[f]ederal agencies do not lose jurisdiction by

their failure to comply with statutory time limits unless the statute demonstrates congressional

intent that this result occur." *United States v. Boccanfuso*, 882 F.2d 666, 671 (2d Cir. 1989); *see*

*also Gen. Motors Corp. v. United States*, 496 U.S. 530, 541, 110 S. Ct. 2528, 2534 (1990)

(holding "the absence of a specific provision suggesting that Congress intended to create an

enforcement bar" to be critical factor in deciding whether Environmental Protection Agency

could take action despite failure timely to approve proposal); *Brock v. Pierce County*, 476 U.S.

253, 260, 106 S. Ct. 1834, 1839 (1986) ("When, as here, there are less drastic remedies available

for failure to meet a statutory deadline, courts should not assume that Congress intended the

agency to lose its power to act." (footnote omitted)). Far from "demonstrat[ing] congressional

intent" to deprive USCIS of jurisdiction, the language of § 1447(b) granting jurisdiction to the

court is entirely consistent with the existence of concurrent jurisdiction in the district court and

the agency, providing simply that the "court has jurisdiction over the matter." 8 U.S.C.

§ 1447(b).

---

[3]    No case in this district has decided the relevant issues, although several decisions, including one written by this Court, discuss *Hovsepian*. *See Gizzo v. INS*, No. 02 Civ. 4879 (CM), — F. Supp. 2d —, 2007 WL 2042568, at *2 (S.D.N.Y. July 12, 2007) (distinguishing *Hovsepian*); *Borromeo Escaler*, 2007 WL 1975485, at *3-*4 (noting conflict among cases, but expressly not reaching the issue); *Alhamedi v. Gonzales*, No. 07 Civ. 2541 (JGK), 2007 WL 1573935, at *3 (S.D.N.Y. May 30, 2007) (approving *Hovsepian* on related point concerning when the 120-day period described in § 1447(b) begins; question of exclusive versus concurrent jurisdiction not at issue in the case). One decision of the United States District Court for the Eastern District of New York has followed the *Hovsepian* decision. *See Zaranska v. U.S. Dep't of Homeland Sec.*, 400 F. Supp. 2d 500, 503 (E.D.N.Y. 2005). One decision of the District of Connecticut has expressly declined to resolve the issue. *See Okoloji v. Chertoff*, No. 3:07 cv 24 (WWE), 2007 WL 1851216, at *2 (D. Conn. June 25, 2007).

Moreover, the structure and purpose of the statute suggests that Congress intended the courts and USCIS to concurrent jurisdiction. *First*, when Congress established administrative naturalization in 1990, it not only enacted § 1447(b) but also adopted § 1447(a), which provides an application with a right to an administrative appeal, and § 1421(c), which makes exhaustion of that administrative appeal mandatory before an applicant may seek judicial review. Although § 1447(b) allows an applicant to proceed to court without an agency decision where the agency decision is not forthcoming, the contemporaneous adoption of § 1447(a) and § 1421(c) makes it highly unlikely that Congress intended to allow applicants to circumvent the requirement of an administrative appeal once the agency does render a decision. *Second*, as the Second Circuit has recognized, a principal purpose of the 1990 amendments was to speed the process of naturalization in the face of a judicial backlog of naturalization cases. *See Chan v. Gantner*, 464 F.3d 289, 290 (2d Cir. 2006). Concurrent jurisdiction allows the agency to continue to process an application, so that if, as is typical in a meritorious § 1447(b) action, the court remands the matter to the agency with a short deadline for adjudication, the agency will be able to comply promptly with that order. *See Perry*, 472 F. Supp. 2d at 629 ("Requiring CIS to cease all work on the application upon the filing of the complaint, only to have the matter possibly remanded back to CIS months later for the agency to pick up where it left off would be counter-productive."). *Third*, the *Hovsepian* approach fails to recognize that in numerous cases USCIS decides to *grant* a naturalization application after the applicant has filed a § 1447(b) complaint, with the parties thereafter stipulating to the voluntary dismissal of the action. *See Perry*, 472 F. Supp. 2d at 630 (noting that it "is likely true in districts throughout the country" that in many instances § 1447(b) cases are voluntarily withdrawn when USCIS grants an application during

the pendency of the case).[4]  A holding that USCIS lacked authority to adjudicate an application while a case was pending would preclude USCIS's granting of these applications, introducing unnecessary delays and burdens into the naturalization process.

IV.    In the Alternative, the Court Should Remand the Case to USCIS
       for Entry of Its Decision Denying the Naturalization Application

       In the event that the Court concludes that it had exclusive jurisdiction over Bustamante's naturalization application, and thus that USCIS's denial of the application was ineffective, the Court should remand the case to USCIS to permit the agency thereafter to issue its decision denying the application.  Section 1447(b) does not entitle an applicant to a hearing on the merits in district court, but rather gives a court the option of either deciding the merits of the application or remanding the case to the agency with instructions.  *See* 8 U.S.C. § 1447(b).  In fact, as discussed above, district courts typically remand § 1447(b) cases with instructions for the agency promptly to adjudicate the matter, rather than decide the matter in court in the first instance.  *See Al-Farisi*, 492 F. Supp. 2d at 338 (citing cases).  Remanding the case, rather than having a judicial hearing on the merits, appropriately "leaves the substantive decision-making, to the extent possible, in the hands of the agency primarily entrusted with responsibility for these matters."  *Mostovoi v. Sec'y of Dep't of Homeland Sec.*, No. 06 Civ. 6388 (GEL), 2007 WL

---

[4]     Indeed, in numerous instances this Office has entered into stipulations of voluntary dismissal of actions brought under § 1447(b) when USCIS has granted a naturalization application subsequent to the filing of the complaint.  *See, e.g.*, Stipulation & Order of Dismissal, *Steward v. Gonzales*, No. 07 Civ. 7019 (HB) (S.D.N.Y. Oct. 2, 2007); Stipulation & Order of Settlement & Dismissal, *Shafirovich v. Chertoff*, 07 Civ. 2019 (LBS) (Aug. 8, 2007); Stipulation & Order of Settlement & Dismissal, *Subramanya v. Chertoff*, 07 Civ. 3316 (JSR) (S.D.N.Y. July 31, 2007); Stipulation & Order of Dismissal, *Salimzadeh v. USCIS*, No. 05 Civ. 7969 (RMB) (S.D.N.Y. Nov. 17, 2006); Stipulation & Order of Dismissal, *Furman v. Gonzales*, No. 05 Civ. 6927 (HB) (S.D.N.Y. Nov. 10, 2005).  Copies of these stipulations are attached as Exhibit B to the Yalen Declaration.

1610209, at *4 (S.D.N.Y. June 4, 2007).  If the case thereafter returns to federal court for judicial review at the end of the administrative process, the court at that time will have the benefit of a fuller administrative record, including not only the agency's decision but also the record developed during the mandatory administrative appeal.  *See* 8 U.S.C. §§ 1421(c), 1447(a).

<u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the Court grant their motion and dismiss the complaint as moot.

Dated: New York, New York
        October 4, 2007

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York
                                      *Attorney for Defendants*

By:     <u>/s/ Robert William Yalen</u>
                                      ROBERT WILLIAM YALEN
                                      Assistant United States Attorney
                                      Telephone: (212) 637-2722
                                      Facsimile:  (212) 637-2687