UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

**CARLOS BUSTAMANTE,**
                **Plaintiff,**

     v.

**MICHAEL CHERTOFF, Secretary,**
**US Department of Homeland Security;**
**Dr. EMILIO T. GONZALEZ, Director,**
**US Citizenship and Immigration Services;**
**ANDREA QUARANTILLO, District Director,**
**New York District, USCIS; and,**
**MARK J. MERSHON, Assistant Director-in-Charge,**
**Federal Bureau of Investigations.**
                **Defendants.**
_____

**Case Number: 07 CV 6226(CM)**
**ECF CASE**

**ELECTRONICALLY FILED**


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS**


PAUL O'DWYER, ESQ.
*Attorney for Plaintiff*
134 West 26th Street, Suite 902
New York, NY 10001
Telephone number: (646) 230-7444

**TABLE OF CONTENT**

FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    1.       The district court has exclusive jurisdiction over Plaintiff's naturalization application. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

           A.      The statutory framework for adjudication of naturalization applications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

           B.      Commencement of an action pursuant to 8 U.S.C. § 1447(b) divests USCIS of jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           C.      CIS's denial of the case did not render the matter moot. . . . . . . . . . . . . . 8

           D.      The court should not remand this case to Defendants for entry of a decision denying the naturalization application. . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **TABLE OF AUTHORITIES**

**FEDERAL CASES:**

Fuks v. Devine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Gatcliffe v. Reno . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Gizzo v. INS, 2003 U.S. Dist. LEXIS 15912, * 7 (S.D.N.Y. 2003 . . . . . . . . . . . . . . . . . . . . 3, 6-7

Brock v. Pierce County, 457 U.S. 253, 106 S.Ct. 1834, 9 L.Ed.2d 2408 (1986) . . . . . . . . . . . . 6

Etape v. Chertoff, 497 F.3d 379 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

Gatcliffe v. Reno, 23 F.Supp.2d 581 (D.V.I. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Hovsepian v. United States, 359 F.3d 1144 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 9

Marcantonio v. United States, 185 F.2d 934 (4th Cir. 1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tan v. INS, 931 F.Supp. 725 (D. Hawaii 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


**FEDERAL STATUTES**

8 U.S.C. § 1401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

8 U.S.C. § 1421. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

8 U.S.C. § 1421(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

8 U.S.C. § 1447(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

8 U.S.C. § 1447(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2, 3, 4, 5, 6, 7, 8, 9


**FEDERAL REGULATIONS:**

8  C.F.R § 301.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

8 C.F.R § 336.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8 C.F.R § 336.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**STATE CODES:**

California Penal Code §  192.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

## INTRODUCTION

Plaintiff submits this Memorandum of Law in opposition to Defendants' Motion to Dismiss for lack of jurisdiction.

Plaintiff commenced the instant action pursuant to 8 U.S.C. § 1447(b), alleging that Defendants had failed to render a decision on his naturalization application within one hundred and twenty days after his interview, and requesting that the Court hold a hearing and either determine the matter or remand it back to Defendants with a specific instruction to grant the application.  Six weeks later, Defendants purported to issue a decision denying the naturalization application, not withstanding either the pendency of this action or that their time within which to do so had by then expired.  Defendants now move to dismiss the instant action on the basis that their purported denial strips this Court of jurisdiction.

Defendants' arguments are wholly without merit.  It is clear from the statutory and regulatory scheme underlying federal court review of naturalization applications, and from the language of the statutory provision at issue, that 8 U.S.C. § 1447(b) provides district courts with exclusive jurisdiction to determine delayed naturalization applications.  This interpretation has been upheld by the two U.S. Courts of Appeals to have considered the issue, by this Court, in a recent decision holding explicitly that district court jurisdiction over 8 U.S.C. § 1447(b) naturalization proceedings is exclusive, as well as numerous other district court decisions.  Defendants clearly did not have jurisdiction to deny Plaintiff's naturalization application once this action was commenced, and their motion to dismiss must therefore be denied.

## FACTS OF THE CASE

Plaintiff is a native and citizen of Mexico, who became a permanent resident in the U.S. on November 7, 1972 when he was ten years old.  On December 6, 1981, when he was nineteen years old, Plaintiff was arrested in San Diego, California and charged with various criminal offenses arising out of a melee in which one person died (Complaint, ¶ 13).  On July 29, 1982, Plaintiff pleaded guilty to involuntary manslaughter, a violation of California Penal Code §

192.2, and on November 8, 1982 he was sentenced to a two-year term in prison (Complaint, ¶ 14). Plaintiff was released on parole on September 1983, he successfully completed his parole and has not had any contact with law enforcement since that time (Complaint, ¶ 14).

On October 16, 2006, Plaintiff filed an application for naturalization with Defendant Citizenship and Immigration Services ("CIS"), pursuant to 8 U.S.C. § 1401 *et seq.*, and the nationality regulations at 8 C.F.R. § 301.1 *et seq.*, on the basis that he had been a lawful permanent resident of the United States for more than five years, that he showed good moral character during the five-year statutory period immediately preceding his application, and was otherwise eligible for naturalization (Complaint, ¶ 15). On February 1, 2007, Plaintiff was interviewed in connection with this application at the USCIS office at 26 Federal Plaza, New York, New York by Naturalization Officer Klein (Complaint, ¶ 16). At the interview, Plaintiff explained in detail the circumstances surrounding his 1981 criminal case and conviction, and provided a certified copy of the certificate of conviction (Complaint, ¶ 16).

Defendants failed to render a decision within 120 days of that interview as mandated by 8 C.F.R § 336.1(a)  (Complaint, ¶ 17), and on July 5, 2007, Plaintiff commenced the instant action pursuant to 8 U.S.C. § 1447(b), alleging that Defendants had failed to render a decision on Plaintiff's naturalization application within the mandated time period and asking the court to hold a hearing on the application and either decide it or remand it back to USCIS with a specific instruction to approve it (Complaint, Prayer for Relief, (2), (3)).

Notwithstanding the instant litigation, on August 24, 2007, Defendants purported to render a decision denying Plaintiff's naturalization application, on the sole basis that the involuntary manslaughter conviction from 1981, twenty-six years ago, prevented him from showing good moral character during the five-year period immediately preceding the filing of the naturalization application.[1]

---

[1] While prior criminal acts are obviously relevant, it is impermissible to rely *solely* on criminal acts outside of the statutory period in finding that an applicant cannot establish good moral character during the statutory period, Gizzo v. INS, 2003 U.S. Dist. LEXIS 15912, * 7 (S.D.N.Y.

On October 4, 2007, Defendants filed the instant Motion to Dismiss, arguing that their purported denial divested this court of jurisdiction, both because of mootness, and because Plaintiff had not exhausted his administrative remedies by seeking an administrative appeal of the denial.  Defendants further argue that in the event the action is not dismissed for lack of jurisdiction, the case be immediately remanded to USCIS for entry of a decision denying Plaintiff's naturalization application.

## LEGAL ARGUMENT

Defendants argue that their purported denial of Plaintiff's naturalization application, issued six weeks after this action was commenced, warrants dismissal of this case.

Specifically, Defendants argue that this case is now moot because of the denial (Defendants' Memorandum of Law in support of Motion to Dismiss (hereinafter "Defendants' Memorandum"), Preliminary Statement) and that because of this mootness the court lacks subject matter jurisdiction (id., p. 4).  Defendants also assert that "Bustamante has not exhausted administrative remedies" by not seeking a re-hearing before an immigration officer as provided for in 8 U.S.C. § 1447(a), (id., p. 7), and that the Court accordingly lacks jurisdiction to review the agency's decision.[2]

In support of the above arguments, Defendants assert that CIS retains jurisdiction to decide Plaintiff's naturalization application, and thus strip this Court of jurisdiction, during the pendency of the instant action (id., pp. 8 - 11).  In support of this proposition, Defendants cite to several cases where 8 U.S.C. § 1447(b) actions have been resolved via a stipulated dismissal because of a subsequent *approval* by USCIS of the naturalization application (id., page 11, n. 4),

---

2003); Fuks v. Devine, 2006 WL 2051321, *5 (N.D. Ill.,2006); Marcantonio v. United States, 185 F.2d 934 (4th Cir. 1950); Gatcliffe v. Reno, 23 F.Supp.2d 581, 585 (D.V.I. 1998); Tan v. INS, 931 F.Supp. 725 (D. Hawaii 1996).

[2] Defendants also argue that the action against the Defendant FBI ought to be dismissed on the basis that FBI has fully completed their role in Plaintiff's naturalization application by completing the required background security checks (Defendants' memorandum, pp. 7 and 8, n. 2).  Assuming this to be true, Plaintiff has no objection to a dismissal of the Complaint against the FBI.

and to several district court cases in support of their position which are neither binding in this district, nor particularly persuasive. Indeed, all district court cases addressing this issue in the jurisdiction of this Circuit, including a recent decision by this Court, have found that Defendants lack jurisdiction to take any action over a naturalization application once a district court action has been commenced pursuant to 8 U.S.C. § 1447(b).

Finally, Defendants request that in the event the court does not dismiss the action, it be remanded back to CIS so that it can issue a denial of the naturalization application (id., pp. 11 - 12). This request makes little sense and would serve no purpose. The statute plainly contemplates a hearing by the district court and then either a determination by the district court or a remand with specific instructions. A remand before a hearing, for the sole purpose of having a denial issued, would be illogical and serve no purpose.

1.  **The district court has exclusive jurisdiction over Plaintiff's naturalization application.**

    A.  <u>The statutory framework for adjudication of naturalization applications</u>

As pertinent here, a person who has resided in the United States for five years as a lawful permanent resident, and who can show good moral character during the five year statutory period immediately prior to filing a naturalization application and meets certain other requirements, may apply to become naturalized as a U.S. citizen, by filing Form N-400 with CIS, paying the necessary fees, and undergoing a background check. CIS must then interview the applicant. 8 U.S.C. § 1421 et seq.; 8 C.F.R. § 301.1 et seq. A decision must be rendered within 120 days of this interview, 8 C.F.R. § 336.1(a).

If a decision denying the application is timely rendered, the applicant can seek a re-hearing before a senior naturalization officer with CIS, 8 U.S.C. § 1447(a), which hearing must be held within 180 days of the request. 8 C.F.R. § 336.2(b). If the application is denied after that second hearing, the applicant can seek review of that denial in the district court, 8 U.S.C. § 1421(c).

If USCIS fails to render a decision within the 120-day period following the initial interview (as happened here), the applicant can commence an action in U.S. district court for a hearing on the application, 8 U.S.C. § 1447(b).  Upon commencement of such an action, the district court "has jurisdiction over the matter" and can either determine it or remand it back to CIS with appropriate instructions to determine it, id.

    B.    <u>Commencement of an action pursuant to 8 U.S.C. § 1447(b) divests USCIS of jurisdiction.</u>

Defendants argue that despite the plain language of the statute, and several persuasive circuit court and district court decisions on the issue, CIS retains jurisdiction over naturalization applications even after commencement of a district court action pursuant to 8 U.S.C. § 1447(b).

The pertinent statutory provision states:

> (b) Request for a hearing before the district courts.  If there is a failure to make a determination under § 335 before the end of the 120-day period after the date on which the examination is conducted under this section, the applicant may apply to the United States District Court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C § 1447(b).  A plain reading of this provision is inconsistent with Defendants' arguments that CIS retains jurisdiction over a naturalization application once an district court action has been commenced pursuant to 1447(b).  This statutory provision provides an alternative forum for naturalization applications which have not been decided within the mandated 120 days of the interview, and explicitly states that the district court then "has jurisdiction over the matter".  This loss of control over the outcome of the naturalization case is the consequence to CIS for failing to decide it within 120 days of the interview.

In <u>Hovsepian v. United States</u>, 359 F.3d 1144 (9th Cir. 2005), in an *en banc* decision, the Ninth Circuit Court of Appeals found that 8 U.S.C. § 1447(b) vests a district court with exclusive jurisdiction over a naturalization application.  The <u>Hovsepian</u> court held that the language of 8 U.S.C. §1447(b), giving the district court the power to decide a naturalization

application where CIS had failed to render a decision within a specified time period, showed that Congress "intended to vest power to decide languishing naturalization applications in the district court *alone*" id. at 1160 (emphasis in original), and that use of the word "remand" in Section 1447(b) was consistent with its intent to deprive CIS of jurisdiction once a § 1447(b) action was commenced ("why would Congress need to provide for a "remand" to the INS "to determine the matter" if the INS retained jurisdiction "to determine the matter" all along?", id.). Applying the U.S. Supreme Court's reasoning in Brock v. Pierce County, 457 U.S. 253, 106 S.Ct. 1834, 9 L.Ed.2d 2408 (1986), that an agency loses jurisdiction where the statute "requires that the agency act within a particular time period *and* the statute specifies a consequence for failure to comply with that time limit" the Hovsepian court concluded that 8 U.S.C. § 1447(b) was an effective jurisdiction-stripping statute, id., 1161.

This reasoning was followed by the Fourth Circuit Court of Appeals in Etape v. Chertoff, 497 F.3d 379 (2007), holding that Section 1447(b) "clearly prescribes consequences for the CIS's failure to act: upon an applicant's petition, a district court acquires jurisdiction and may either decide the matter itself or remand to the CIS with instructions. [T]hese consequences evidence Congress's intent to provide district courts with exclusive jurisdiction upon the filing of a 1447(b) petition." id., 385.

While this issue has not been directly addressed by the Second Circuit Court of Appeals, it has been explicitly addressed and resolved in Plaintiff's favor by this Court in Gizzo v. INS, 2007 U.S. Dist. Lexis 50920 (SDNY 2007). In Gizzo, the question was whether or not CIS had jurisdiction to vacate its earlier denial of a naturalization application during the pendency of a District Court action commenced pursuant to 8 U.S.C. § 1421(c), i.e., seeking review of a denial after a second naturalization hearing. The Court found that CIS did have such jurisdiction, in part by comparing 8 U.S.C. § 1421(c) with 8 U.S.C. § 1447(b)'s exclusive grant of jurisdiction. Contrary to Defendants' assertion that this Court distinguished Hovsepian (Defendants' memorandum of law, p. 9, n. 3), the Court in fact expressly approved the Hovsepian analysis,

stating that:

> "in holding that the district court had exclusive jurisdiction over the naturalization application once an action was brought under [8 U.S.C. § 1447(b)], the Ninth Circuit was persuaded by the provision's precise language, which explicitly grants the district court the power to either 'determine the matter' or remand matter to [INS]". See 8 U.S.C. § 1447(b). The Ninth Circuit observed "that (1) a district court could not 'determine the matter' if INS could also 'determine the matter' and force the court to accept its view; and (2) there would be no reason to 'remand the matter' to INS if INS retains jurisdiction over it."

Id. at *6, citing Hovsepian, 359 F.3d 1160-61. This court then concluded that:

> "The statute at issue [8 U.S.C. § 1447(b)] grants exclusive jurisdiction to the district court when INS has not acted on a naturalization application for 120 days, effectively providing a deadline for administrative action with consequences, i.e., the ability for a district court to resolve the matter."

Id., *6, 7 (citations and internal quotation omitted).

It is clear, therefore, from the obvious language of the statute, from the circuit court decisions in Hovsepian and Etape, supra, and from this Court's own decision in Gizzo, supra, agreeing with those decisions, that 8 U.S.C. § 1447(b) unambiguously grants the district court exclusive jurisdiction over Plaintiff's naturalization application, and Defendants were without jurisdiction to issue a denial.

Defendants also argue that because the parties in other cases have stipulated to a voluntary dismissal of a 1447(b) proceeding where Defendants were willing to *approve* the naturalization application (Defendants' memorandum page 11, n. 4), Defendants have jurisdiction to deny the application in this case. This argument lacks merit.

As an initial matter, settlement agreements in unrelated cases, and whose factual and legal scenarios are unknown, ought not to be considered as persuasive authority regarding the

7

scope of the Court's jurisdiction on this case.

Even if considered, these voluntary dismissals, involving cases where there was evidently no dispute with regard to the desired outcome, have nothing in common with this case, where the parties clearly disagree with what the outcome of the naturalization process should be. Indeed, it could be argued that the fact that Defendants have sought court-sanctioned voluntary dismissals of those actions in order for CIS to issue an approval of the naturalization application is further evidence that CIS does not have authority to render a decision during the pendency of a 1447(b) action without court approval.

      C.      <u>CIS's denial of the case did not render the matter moot.</u>

Defendants argue that Plaintiff's 8 U.S.C. § 1447(b) action is moot because CIS has purported to deny his naturalization application, and therefore no live claim exists between the parties (Defendants' memorandum pages 6-7). This argument both lacks merit and is misplaced.

As argued above, Defendants lacked jurisdiction to render a denial of the naturalization application. Their mootness argument is therefore premature. And even if it were not premature, it would have to be denied. The action might arguably be moot if Defendants wanted to approve the naturalization application, but that is not the case here. Defendants want to deny the naturalization application, and Plaintiff wants it granted. Far from being moot, therefore, the controversy remains live for adjudication.

      D.      <u>The court should not remand this case to Defendants for entry of a decision denying the naturalization application.</u>

Defendants argue that this Court should remand the case back to CIS to "permit the agency thereafter to issue its decision denying the application", Defendants' Memorandum at 11. This request is also premature.

There would be no logic to such a remand at this early stage in the proceedings. Section 1447(b) contemplates a hearing before this court ("the applicant may apply to the United States District Court for the district in which the applicant resides for a hearing on the matter",

8

8 U.S.C. § 1447(b)).  Once a hearing has been held, the court can *then* either decide the matter or remand it back to CIS with instructions to make a specific determination.

It would make no sense for the Court to remand this case before having an opportunity to hear and consider it, and either make its own determination or remand it back to USCIS with instructions to make a particular determination.  "By providing that the Court may remand the matter, with appropriate instructions, to the Service to determine the matter, § 1447(b) allows the district court to order the INS to adopt the court's fact-finding and conclusions, a hierarchical result that is more consistent with exclusive jurisdiction than with concurrent jurisdiction", Hovsepian, supra, 1160, 1161 (internal quotations omitted).

Because the Court has not yet had an opportunity to hear and consider the merits of this case, Defendants' request for a remand should be denied as premature.

## CONCLUSION

Congress thought fit to vest the district court with exclusive jurisdiction over a naturalization application where Defendants have failed to render a decision within 120 days of an initial interview.  That is the case here.  Defendants' purported denial of Plaintiff's application, rendered six weeks after this actions had been commenced, is a nullity, and Defendants had no authority to render it.  In fact, it can fairly be concluded that Defendants waited until after this action was commenced to render a denial of Plaintiff's naturalization application, in order to try deprive this Court of jurisdiction and also deny him the rehearing he would have had if the decision had been rendered within the prescribed 120-day period.  Defendants should not be allowed to frustrate Plaintiff's access to the courts or to the agency in this manner.

Defendants arguments, that they have concurrent jurisdiction with this Court over Plaintiff's naturalization application, and that they had jurisdiction to deny it while this application was pending, flies in the face of established precedent from circuit courts, and also from a decision of this court, which Defendants make no attempt to distinguish.  It is therefore requested that the Court deny Defendants' motion in its entirety, along with such other and

further relief as may be just and proper.

Dated: New York, New York,
October 18, 2007

*[signature]*

Paul O'Dwyer
Attorney for Plaintiff
134 West 26 Street, Suite 902
New York, New York 10001
Telephone:    646-230-7444