UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLOS BUSTAMANTE,

            Plaintiff,

                  ECF Case

     v.

                  No. 07 Civ. 6226 (CM)

MICHAEL CHERTOFF, *et al.*,

            Defendants.
------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

                                  MICHAEL J. GARCIA
                                  United States Attorney for the
                                  Southern District of New York
                                  86 Chambers Street, 3rd Floor
                                  New York, New York  10007
                                  Telephone: (212) 637-2722
                                  Facsimile:  (212) 637-2687


ROBERT WILLIAM YALEN
Assistant United States Attorney
      – Of Counsel –

## TABLE OF CONTENTS

Page:

Preliminary Statement .................................................................................................................... 1

Argument ....................................................................................................................................... 2

    I.       This Action is Moot Because USCIS Had Jurisdiction
           to Adjudicate Bustamante's Naturalization Application ........................................ 2

           A.       Section 1447(b)'s Language, Structure and Purpose
                     Demonstrate That the Statute Provides the Court and
                     USCIS with Concurrent Jurisdiction .......................................................... 2

           B.       *Brock v. Pierce County* Does Not
                     Support Bustamante's Arguments ............................................................. 5

           C.       This Court's *Gizzo* Decision Does
                     Not Adopt the *Hovsepian* Rule ................................................................. 7

    II.      In the Alternative, the Court Should Remand the
           Matter for Issuance of the Agency's Decision ....................................................... 8

Conclusion ..................................................................................................................................... 9

## **TABLE OF AUTHORITIES**

<u>CASES</u>:                                                                                                                       <u>Page</u>:

<u>Al-Farisi v. Mueller</u>,
    492 F. Supp. 2d 335 (S.D.N.Y. 2007) ............................................................................... 8

<u>Al-Saleh v. Gonzales</u>,
    No. 2:06-CV-604 TC, 2007 WL 990145 (D. Utah Mar. 29, 2007) ................................... 2

<u>Borromeo Escaler v. USCIS</u>,
    No. 03 Civ. 8418 (BSJ), 2007 WL 1975485 (S.D.N.Y. July 6, 2007) ............................. 4

<u>Brock v. Pierce County</u>,
    476 U.S. 253, 106 S. Ct. 1834 (1986) ...................................................................... 3, 5, 6

<u>Chan v. Gantner</u>,
    464 F.3d 289 (2d Cir. 2006) ............................................................................................ 4

<u>Gen. Motors Corp. v. United States</u>,
    496 U.S. 530, 110 S. Ct. 2528 (1990) .............................................................................. 3

<u>Frenkel v. United States Dep't of Homeland Sec.</u>,
    No. 07 Civ. 1145 (VLB), 2007 WL 3090656 (D. Conn. Oct. 19, 2007) .......................... 2

<u>Gizzo v. INS</u>,
    No. 02 Civ. 4879 (CM), 2007 WL 2042568 (S.D.N.Y. July 12, 2007) ........................ 5, 7

<u>Gumbs v. United States Attorney General</u>,
    No. 06 Civ. 1046, 2007 WL 3036848 (N.D.N.Y. Oct. 16, 2007) ..................................... 2

<u>Mostovoi v. Sec'y of Dep't of Homeland Sec.</u>,
    No. 06 Civ. 6388 (GEL), 2007 WL 1610209 (S.D.N.Y. June 4, 2007) .......................... 8

<u>Perry v. Gonzales</u>,
    472 F. Supp. 2d 623 (D.N.J. 2007) ......................................................................... 2, 4, 5

<u>United States v. Boccanfuso</u>,
    882 F.2d 666 (2d Cir. 1989) ........................................................................................ 3, 6

<u>United States v. Hovsepian</u>,
    359 F.3d 1144 (9th Cir. 2004) ............................................................................... passim

STATUTES:

8 U.S.C. § 1421(c) ............................................................................................................... 4, 7, 9

8 U.S.C. § 1447(a) ...................................................................................................................... 8

8 U.S.C. § 1447(b) ............................................................................................................. passim

Pub. L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29, 1990) ..................................... 4

Defendants Michael Chertoff, Secretary, U.S. Department of Homeland Security; Dr. Emilio T. Gonzalez, Director, U.S. Citizenship and Immigration Services ("USCIS"); Andrea Quarantillo, District Director, New York District, USCIS; and Mark J. Mershon, Assistant Director-in-Charge, Federal Bureau of Investigation (collectively, "defendants") respectfully submit this reply memorandum in further support of their October 4, 2007 motion to dismiss the July 5, 2007 complaint of plaintiff Carlos Bustamante ("Bustamante") as moot.

## PRELIMINARY STATEMENT

USCIS has issued a decision on Bustamante's naturalization application. Accordingly, this action pursuant to 8 U.S.C. § 1447(b), by which Bustamante seeks a remedy for the allegedly improper failure of USCIS to decide his application, is moot. That USCIS denied Bustamante's naturalization application rather than granting it does not inject a live issue into this case, for it is undisputed that judicial review of a naturalization denial is available only after an applicant has appealed that denial administratively, something that Bustamante has not done.

In his brief in opposition to the motion, Bustamante does not claim that a live controversy would exist in this case following a valid agency decision denying his application. Instead, Bustamante asks this Court to decide, following the Ninth Circuit and certain other courts, that USCIS is prohibited from deciding a naturalization application subsequent to the filing of a § 1447(b) complaint. Because this rule of exclusive jurisdiction is inconsistent with the statute's language, structure, and purpose, the Court should rejected it, and the case should be dismissed as moot.

In the alternative, if the Court holds that USCIS lacked jurisdiction to issue a decision on the application while this case was pending, it should exercise its discretion to remand the case to USCIS for entry of a valid decision.[1]

ARGUMENT

I. This Action is Moot Because USCIS Had Jurisdiction to Adjudicate Bustamante's Naturalization Application

    A. Section 1447(b)'s Language, Structure and Purpose Demonstrate That the Statute Provides the Court and USCIS with Concurrent Jurisdiction

The Court should reject Bustamante's contention that it adopt the rule of *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004), which held that USCIS loses jurisdiction over naturalization applications upon the filing of a § 1447(b) complaint. *See id.* at 1159. As other courts have persuasively demonstrated, *see, e.g.*, *Perry v. Gonzales*, 472 F. Supp. 2d 623, 627-30 (D.N.J. 2007), the *Hovsepian* approach is inconsistent with the language, structure and purpose of § 1447(b) and related provisions of the Immigration and Nationality Act.[2]

---

[1] Additionally, Bustamante concedes that defendant Mark J. Mershon of the Federal Bureau of Investigation ("FBI") should be dismissed from the case because the FBI's background investigation in connection with Bustamante's application was completed over a year ago. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Mem."), dated October 18, 2007, at 3 n.2; *see also* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mem."), dated October 4, 2007, at 7 n.2; Declaration of Robert William Yalen ("Yalen Decl."), dated October 4, 2007, ¶¶ 2-3.

[2] Subsequent to the filing of defendants' opening papers on this motion, two district courts within this circuit have followed the *Hovsepian* rule. *See Frenkel v. United States Dep't of Homeland Sec.*, No. 07 Civ. 1145 (VLB), 2007 WL 3090656, at *4 (D. Conn. Oct. 19, 2007); *Gumbs v. United States Attorney General*, No. 06 Civ. 1046, 2007 WL 3036848, at *1 (N.D.N.Y. Oct. 16, 2007). For the reasons discussed herein, these decisions should not be followed and, to the contrary, the Court should follow those courts that have rejected *Hovsepian* and adopted a concurrent jurisdiction rule. *See, e.g.*, *Perry*, 472 F. Supp. 2d at 627-30; *Al-Saleh v. Gonzales*, No. 2:06-CV-604 TC, 2007 WL 990145, at *2 (D. Utah Mar. 29, 2007).

As described in defendants' opening papers, *see* Def. Mem. at 8-9, the language of the statute does not support the odd conclusion that a lawsuit challenging agency delay in adjudication should deprive the agency of jurisdiction to rectify the problem by deciding the pending application. Section 1447(b) provides that subsequent to the filing of a § 1447(b) complaint, the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Nothing in the statute provides that the grant of jurisdiction to the Court is exclusive rather than concurrent, nor does the Court's authority to remand with instructions suggest that the agency was required to wait for those instructions prior to remedying the alleged delay by issuing a decision on the pending application. *See Gen. Motors Corp. v. United States*, 496 U.S. 530, 541, 110 S. Ct. 2528, 2534 (1990) (emphasizing "the absence of a specific provision suggesting that Congress intended" to preclude an agency from taking action after failing to meet a deadline); *United States v. Boccanfuso*, 882 F.2d 666, 671 (2d Cir. 1989) ("Federal agencies do not lose jurisdiction by their failure to comply with statutory time limits unless the statute demonstrates congressional intent that this result occur.").[3]

Further, the structure and purpose of the statute demonstrate that Congress did not intend to restrict the agency's authority to adjudicate naturalization applications. As noted in

---

[3] Indeed, even where statutory language is ambiguous, the Supreme Court has cautioned that "[w]hen, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act." *Brock v. Pierce County*, 476 U.S. 253, 260, 106 S. Ct. 1834, 1839 (1986) (footnote omitted). Here, the "less drastic remedy" for untimely agency decision-making is concurrent jurisdiction, allowing the agency to continue its consideration of the application while a § 1447(b) case is pending.

defendants' opening brief, *see* Def. Mem. at 4-5, 10, § 1447(b) was enacted as part of a broader reform measure designed to remove authority over naturalization from the judiciary and place that authority within the executive branch. *See* Pub. L. No. 101-649, Title IV, 104 Stat. 4978, 5038-48 (Nov. 29, 1990); *see also, e.g.*, *Borromeo Escaler v. USCIS*, No. 03 Civ. 8418 (BSJ), 2007 WL 1975485, at *3 (S.D.N.Y. July 6, 2007). In particular, Congress's goal was to speed the process of naturalization by avoiding what it deemed to be an unduly slow judicial process. *See Chan v. Gantner*, 464 F.3d 289, 290 (2d Cir. 2006). Although Congress provided for *de novo* judicial review of administrative naturalization decisions, it made that judicial review dependent on an applicant's first having exhausted administrative remedies by taking a mandatory administrative appeal. *See* 8 U.S.C. § 1421(c). Concurrent jurisdiction subsequent to the filing of a § 1447(b) complaint is consistent with the statutory scheme in that it allows the agency, where possible, to adjudicate the application sooner than could the district court. Moreover, if, as is often the case, a court determines to remand a § 1447(b) matter with the instruction that the agency must decide the pending application by a date certain, a regime of concurrent jurisdiction allows USCIS to have moved the application forward during the course of the litigation, so that it can respond promptly to such a remand. *See Perry*, 472 F. Supp. 2d at 629 ("Requiring CIS to cease all work on the application upon the filing of the complaint, only to have the matter possibly remanded back to CIS months later for the agency to pick up where it left off would be counter-productive."). Concurrent jurisdiction also facilitates judicial review by allowing the creation of a complete administrative record through an agency decision and appeal, and it serves the interest of judicial economy when USCIS's granting of a naturalization application makes judicial proceedings on the merits ultimately unnecessary.

Further, as explained in defendants' opening papers, permitting the agency to adjudicate applications after the commencement of a § 1447(b) action not only is the best reading of the statute, but also serves to benefit naturalization applicants. *See* Def. Mem. at 10-11. Concurrent jurisdiction benefits § 1447(b) plaintiffs by allowing for the possibility of a quick rectification of the allegedly delay in adjudication, and it particularly benefits the many applicants whose naturalization applications USCIS is able to grant subsequent to the filing of a § 1447(b) complaint. *See* Def. Mem. at 10-11; Yalen Decl. ¶ 6 & Ex. B; *Perry*, 472 F. Supp. 2d at 630.[4]

B.     *Brock v. Pierce County* Does Not Support Bustamante's Arguments

Bustamante cites *Hovsepian*'s analysis of *Brock v. Pierce County*, 476 U.S. 253, 106 S. Ct. 1834 (1986), as establishing a rule that an agency loses jurisdiction where a statute "requires that the agency act within a particular time period *and* the statute specifies a consequence for failure to comply with that time limit." Pl. Mem. at 6 (quoting *Hovsepian*, 359 F.3d at 1161) (internal quotation marks omitted) (emphasis in the original). This analysis of *Brock* is both incorrect and, in any event, fails to support Bustamante's exclusive jurisdiction argument.

First, *Brock* does not, in fact, adopt this two-part test, but instead simply notes that some lower courts had done so and that the Supreme Court's cases "supply at least the underpinnings of those precedents." *Brock*, 476 U.S. at 259, 106 S. Ct. at 1838; *see also Gizzo v. INS*, No. 02

---

[4] In their opening papers, defendants identified numerous instances in which USCIS granted a naturalization application after the commencement of a § 1447(b) action, which was thereafter voluntarily dismissed by stipulation. *See* Def. Mem. at 11 n.4. Contrary to Bustamante's suggestion, *see* Pl. Mem. at 7, defendants do not claim that these so-ordered stipulations constitute legal authority on the issue of concurrent jurisdiction. Rather, these stipulations demonstrate, as a practical matter, that the system of concurrent jurisdiction established by § 1447(b) is a successful one that accelerates naturalization decisions and frequently results in the granting of benefits after the commencement of litigation.

Civ. 4879 (CM), — F. Supp. 2d —, 2007 WL 2042568, at *3 (S.D.N.Y. July 12, 2007) (not attributing this two-part test to *Brock*, but rather stating that this was how "the Ninth Circuit interpreted" that case). In fact, in *Brock*, the Supreme Court applied the usual methods of statutory interpretation to determine whether an agency had lost jurisdiction to take a particular action, concluding on the facts before it that the agency had not lost its jurisdiction. *See Brock*, 476 U.S. at 258-65, 106 S. Ct. at 1838-41 (considering statutory language and "other sources of congressional intent"). Subsequent to the *Brock* decision, the Second Circuit has similarly described this generalized statutory interpretation inquiry as the appropriate analysis. *See Boccanfuso*, 882 F.2d at 671 (stating that the question is whether "the statute demonstrates congressional intent" that the agency lose the ability to act). As discussed above, the language, structure and purpose of the statute demonstrate that USCIS retained jurisdiction to adjudicate the application in this case.

In any event, even if the Court were to apply the two-part test adopted by the Ninth Circuit and advanced by Bustamante, the result would be the same. First, although § 1447(b) authorizes a judicial proceeding "[i]f there is a failure to make a determination . . . before the end of the 120-day period after the date on which the [naturalization] examination is conducted," 8 U.S.C. § 1447(b), nothing in the statute "requires that the agency act," Pl. Mem. at 6 (internal quotation marks omitted), within that 120 day period. This lack of a requirement to act is particularly clear when § 1447(b) is compared to the statutory language at issue in *Brock*, which stated unequivocally that "the Secretary [of Labor] 'shall' determine 'the truth of the allegation or belief involved, not later than 120 days after receiving the complaint.'" *Brock*, 476 U.S. at 256, 106 S. Ct. at 1837 (quoting 29 U.S.C. § 816(b) (1976 ed., Supp. V) (repealed)). Second, even if, notwithstanding the above, § 1447(b) were construed to require agency action within

-6-

120 days, the statute does not "specif[y] a consequence for failure to comply with that time limit." Pl. Mem. at 6 (internal quotation marks omitted). The passage of the 120 day period does not cause any event to occur, and the statute simply permits individuals, if they choose, to file a lawsuit rather than continuing to await a decision.

   C.  This Court's *Gizzo* Decision Does Not Adopt the *Hovsepian* Rule

  Finally, in his opposition, Bustamante relies heavily on a misreading of this Court's decision in *Gizzo v. INS*, No. 02 Civ. 4879 (CM), — F. Supp. 2d —, 2007 WL 2042568 (S.D.N.Y. July 12, 2007). *See* Pl. Mem. at 6-7. Bustamante claims that in *Gizzo*, the Court "explicitly addressed and resolved [the question] in Plaintiff's favor" and "expressly approved the *Hovsepian* analysis." Pl. Mem. at 6. To the contrary, as noted in defendants' opening papers, *see* Def. Mem. at 9 n.3, the Court did not decide whether *Hovsepian*'s analysis was correct, but simply distinguished the case as off-point. *See Gizzo*, 2007 WL 2042568, at *3. *Gizzo* was not an action pursuant to § 1447(b) but rather an action pursuant to § 1421(c), in which the plaintiff, after exhausting administrative remedies, sought judicial review of the denial of his naturalization application. *See id.* at *2. When USCIS thereafter vacated its denial of Gizzo's application, the Government contended that the Court lost jurisdiction under § 1421(c) because no denial existed for the Court to review. *See id.* at *1. The *Gizzo* plaintiff argued that pursuant to *Hovsepian*, USCIS lacked jurisdiction to reopen its prior denial of his application once the § 1421(c) action for judicial review was commenced. *See id.* at *2-*3. The Court rejected this argument, stating that *Hovsepian* was "inapposite" because the language of § 1447(b) was distinct from that of § 1421(c). *See id.* at 3. The Court had no occasion to decide whether *Hovsepian*'s rule was a correct statement of the law as to § 1447(b), and did not do so.

II.   In the Alternative, the Court Should Remand the
      Matter for Issuance of the Agency's Decision

As argued in defendants' opening papers, if the Court, notwithstanding the arguments above, holds that USCIS lacked jurisdiction to issue its decision, the Court should enter an order remanding the case to USCIS to allow the agency to do so.  *See* Def. Mem. at 11-12.  Although Bustamante claims that § 1447(b) requires the Court to hold a hearing on the merits before entering a remand order, *see* Pl. Mem. at 8-9, this is incorrect.  While § 1447(b) allows an applicant to "apply to the United States district court . . . for a hearing on the matter," it authorizes the Court either "to determine the matter" on the merits *or* "to remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).  Because the basis of a § 1447(b) action is a claim that the agency has unduly delayed decision, the typical result of even a meritorious § 1447(b) action is *not* a hearing on the merits in district court but rather an order instructing USCIS promptly to decide a pending naturalization application.  *See, e.g.*, *Al-Farisi v. Mueller*, 492 F. Supp. 2d 335, 338 (S.D.N.Y. 2007) (citing cases); *Mostovoi v. Sec'y of Dep't of Homeland Sec.*, No. 06 Civ. 6388 (GEL), 2007 WL 1610209, at *4 (S.D.N.Y. June 4, 2007).  Courts have adopted this approach because it "leaves the substantive decision-making, to the extent possible, in the hands of the agency primarily entrusted with responsibility for these matters." *Mostovoi*, 2007 WL 1610209, at *4.  Here, where USCIS has already reached a decision on Bustamante's application, a remand would allow Bustamante promptly to receive an adjudication on his naturalization application, the lack of which is the basis for his § 1447(b) claim.  If Bustamante disagrees with the agency's decision on its merits, his recourse is to take an administrative appeal, *see* 8 U.S.C. § 1447(a), and only

thereafter to seek judicial review of the substance of the agency's decision, *see* 8 U.S.C. § 1421(c).

CONCLUSION

For the foregoing reasons and the reasons stated in defendants' opening papers, defendants respectfully request the Court grant their motion and dismiss the complaint as moot.

Dated: New York, New York
       November 1, 2007

                                            Respectfully submitted,

                                            MICHAEL J. GARCIA
                                            United States Attorney for the
                                            Southern District of New York
                                            *Attorney for Defendants*

                    By:     /s/ Robert William Yalen
                            ROBERT WILLIAM YALEN
                            Assistant United States Attorney
                            Telephone: (212) 637-2722
                            Facsimile:  (212) 637-2687